**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OROCHEM TECHNOLOGIES, INC., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-6983 |
| v. | ) ) | Hon. Thomas M. Durkin |
| WHOLE HEMP COMPANY LLC, a Colorado Limited Liability Company, doing business as FOLIUM BIOSCIENCES, KASHIF SHAN, RAJ GUPTA, BRAD JONES, ZACH JONES, CHRIS HALEY, ERIC FLEMING and PRAVIN NINAWE, | ) ) ) ) ) ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**DEFENDANTS WHOLE HEMP COMPANY D/B/A FOLIUM BIOSCIENCES, KASHIF SHAN, RAJ GUPTA'S AND BRAD JONES'S MOTION TO COMPEL FED. R. CIV. P. 34 INSPECTION OF OROCHEM TECHNOLOGIES, INC. FACILITY AND DEPOSITIONS OF PLAINTIFF'S WITNESSES**

NOW COME Defendants WHOLE HEMP COMPANY LLC, d/b/a FOLIUM BIOSCIENCES (hereinafter "FOLIUM"), Kashif Shan ("Shan"), Raj Gupta ("Gupta") AND Brad Jones ("Jones") (hereinafter collectively referred to as "Defendants") by and through their attorneys, moves this Court for entry of an order compelling the Inspection of Plaintiff OROCHEM TECHNOLOGIES, INC. facility and the depositions of Plaintiff's witnesses, state as follows:

1. The parties began discussing a site inspection of Orochem's facility in Naperville, Illinois, at the very inception of the case (*see, e.g*., 10/26/17 hearing transcript at p. 7, where counsel for Orochem advised Judge Durkin that the parties had agreed on an inspection protocol

and "the expectation is not only will this be used for Folium, but it will be for a similar inspection of my client's facility").

2. On November 8, Folium served formal notices of inspections pursuant to Rule 34 of both Orochem's Naperville facility and the Watkins, Colorado facility of Orochem's subsidiary, Kazmira LLC. In the intervening 7 weeks until December 27, 2017, Folium made multiple good-faith efforts to schedule the inspections of Orochem's Naperville facility, as well as the Kazmira facility.

3. At no time during this 7 week period did Orochem make any objection to either of these long-noticed inspections.

4. During a meet and confer December 27, 2017 regarding scheduling issues, Orochem's counsel, for the first time, stated that Orochem no longer has the production line in its Naperville facility that Folium is accused of misappropriating. Orochem followed up its oral representation with an email on January 2, 2018, which stated in relevant part:

> Orochem no longer has a production line for the processing of CBD. Rather, Orochem shut down its production line in Naperville after Kazmira was established in January of 2017. As such, there is nothing to inspect.

5. Despite Folium's good faith efforts, Orochem now refuses to permit the inspection of Orochem's Naperville facility, claiming that "there is nothing to inspect." To this date, however, Orochem has not served any written response stating its grounds for objection to the Notice of Inspection served on November 8, 2017, as required by FRCP 34(b).

6. Rule 34 expressly grants a party the right to inspect objects and operations on property possessed or controlled by the opposing party:

> A party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry into designated land or other property possessed or controlled by the responding party, so that

> the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Fed. R. Civ. P. 34(a)(2).

7. The Orochem facility in Naperville, Illinois, is highly relevant to Orochem's claims in this litigation, and indeed forms the basis of Orochem's Complaint. Specifically, Orochem alleges that venue is proper in this district because the Folium defendants engaged in efforts to copy and steal trade secrets while they were present at its facility in Naperville. Compl. ¶ 20. Without the opportunity to view Orochem's Naperville facility, where the manufacturing processes were undertaken and where Folium personnel were permitted access, Folium will be precluded from putting its defense to Orochem's claims in proper context for the trier of fact.

8. Orochem further alleges that Folium misappropriated trade secrets involved in its manufacturing processes and methods relating to the extraction, purification, and crystallization of cannabidiol ("CBD"). Orochem is attempting to bar any inspection of the facility where the alleged misconduct took place, by claiming that it stopped manufacturing CBD in Naperville after Folium's employees departed the facility.

9. Even if Orochem has stopped making this precise product at its Naperville facility, the facility itself and Orochem's existing production lines remain relevant to Orochem's claims in this case. For example, Orochem alleges in its Complaint that it "establish[ed] locations [at the Naperville facility] where Folium employees were not allowed to enter," Compl. ¶ 35, and that it "limited Folium employee's access to certain designated areas of the Orochem facility." Id. at ¶57.

10. Folium should be permitted to inspect the Orochem facility where Folium's employees worked during 2016, in order to obtain evidence regarding Orochem's purported efforts to maintain the secrecy of its alleged trade secrets. At minimum, the trier of fact should have the opportunity to view video and/or still images of the locations to which Folium's employees (and their guests) did and did not have access. The trier-of-fact will be unable to determine whether Folium misappropriated Orochem's alleged trade secrets without seeing Orochem's manufacturing processes and methods that Folium was exposed to in Naperville.

11. Additionally, Orochem alleges in its Complaint that it made a "multi-decade investment" of "thousands of research hours" and "millions of dollars" toward the development of its trade secrets. Compl. ¶ 25. This is in contrast to the approximately two weeks that Orochem allegedly spent on its "proof of concept" development of the specific procedures for the processing of the CBD that is at issue in this case.[1]

12. It is unclear when Orochem expended the alleged "thousands of research and development hours" to create a manufacturing process line (*see* Compl. ¶ 29), but it is likely that Orochem is claiming its development work related to its processing of other materials is relevant to its claims in this case. There is no claim that Orochem has shut down the Naperville facility entirely, or ceased utilizing its allegedly trade secret procedures at that location. Accordingly, Folium should be entitled to inspect the still-existent production lines that existed at Orochem's Naperville facility prior to the events giving rise to this litigation.

13. Additionally, Folium should be able to test in discovery Orochem's eleventh-hour representation that the production line and equipment that was used to manufacture CBD during

---

[1] The 2015 Supply Side West Conference discussed in paragraph 21 of Orochem's Complaint was held from October 5-9, 2015, and the proposal discussed in paragraphs 26-27 was submitted to Folium on October 18, 2015 (Ex. 2. to Compl.)

the time period that Folium's employees were working in Naperville is no longer at that facility. It is unlikely that Orochem moved every component of its production line <u>in total</u>, or that the production line that was set up at Kazmira is 100% identical to the one that previously existed in Naperville. Orochem has a duty to preserve evidence that is material to its action, and discovery is necessary to explore whether Folium has a claim for spoliation of evidence. *See, e.g.*, *State Farm Fire and Cas. Co. v. Frigidaire*, 146 F.R.D. 160 (N. D. Ill. 1992) (dismissing products liability case when plaintiff failed to preserve critical evidence before filing suit); *Unigard Security Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F. 2d 363, (9th Cir. 1992) (excluding expert testimony based on inspection of property that was subsequently destroyed).

14. With regard to the depositions of the Plaintiff's witnesses who have made and verified the allegations of trade secret theft against Folium, Folium's counsel has requested dates for these depositions for literally months. Orochem has still not scheduled their depositions, despite numerous meet and confer sessions and subsequent assurances.

15. As of the evening of Friday, January 5, 2018 Defendant's counsel continues to offer apologies and assurances and claim that the delay is due to Orochem's involvement with and travel associated with a large scale installation unrelated to the issues in this litigation.

WHEREFORE, Folium respectfully requests that this Court enter an order granting Folium's motion to compel an inspection of Orochem's Naperville facility, and ordering that the inspection proceed on or before January 19, 2018, and requiring Orochem to set firm dates for those deponents for which Defendants have issued notices and sought dates.

I hereby certify that in compliance with Local Rule 37.2, Jodi Wine, Esq. conferred with Michael T. Layden, Esq., counsel for Plaintiff by telephone on December 27, 2017, concerning the issue raised in the foregoing motion, and that this oral meet and confer was followed by email exchanges on the subject on January 2, 2018 (B. Prendergast), January 5, 2018 (N. Richter) and January 5, 2018 (M. Layden), throughout which Orochem has maintained its refusal to permit the noticed inspection and to provide dates for the depositions of those individual and corporate representatives for whom Folium has provided notice. Accordingly, the parties have been unable to reach accord.

Dated: January 8, 2018.

s/Mark F. Slavin, Esq.
Mark F. Slavin, Esq.
Nancy Richter, Esq.
Jodi Rosen Wine, Esq.
Slavin & Slavin LLC
Attorneys for Defendants, Whole Hemp Company, Kashif Shan, Raj Gupta and Brad Jones
100 North LaSalle Street, 25th Floor
Chicago, IL 60602
Tel: 312-782-7848
mslavin@slavinlaw.com
nrichter@slavinlaw.com
jwine@slavinlegal.com

and

CRAIG A. BRAND, ESQ.
FBN: 896111
Lead Counsel
Ganja Law PLLC
Attorney for Defendants, Whole Hemp Company, Kashif Shan, Raj Gupta and Brad Jones
6411 S. Jamaica Circle
Englewood, CO 80111
Tel: 855-484-2529
Craig@ganjalaw.com