IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| OROCHEM TECHNOLOGIES, INC., ) ) ) Plaintiff, ) ) v. ) ) WHOLE HEMP COMPANY LLC, ) doing business as FOLIUM ) BIOSCIENCES; KASHIF SHAN; ) RAJ GUPTA; BRAD JONES; ) ZACH JONES; CHRIS HALEY; ) ERIC FLEMING; and PRAVIN ) NINAWE, ) ) Defendants. ) ) ) | No. 17 C 6983<br><br>Magistrate Judge<br><br>Maria Valdez |

**ORDER**

This is a misappropriation of trade secrets case involving the extraction and purification of cannabidiol from industrial hemp. Two motions to compel are pending before the Court. [Doc Nos. 101, 105].

First, Defendant Folium seeks an order compelling Plaintiff to produce documents and ESI in response to its Second Special Requests for Production related to NanoLeaf Technologies, Inc. [Doc. No. 101].[1] Folium argues that the

---

[1] At the motion hearing held on January 11, 2018, Folium represented that it had engaged in a meaningful meet and confer with Plaintiff's counsel on December 27, 2017, prior to filing its motion. However, Plaintiff's counsel, orally and through its brief, explained that

NanoLeaf-related documents it seeks through the disputed production requests "will lead to discoverable evidence which may be used to support Folium's contention that Orochem disclosed its trade secrets and/or failed to protect the confidentiality" of the same prior to filing its case for misappropriation. [Doc. No. 101, at 2]. Orochem objects, asserting that the information sought by Folium's requests is not reasonably calculated to lead to the discovery of evidence to be used in the preliminary hearing.

Both sides to this debate rely on a standard no longer applicable to the scope of discovery. Rule 26(b)(1) makes discoverable "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Defendants have not made a showing that the NanoLeaf information is discoverable under this standard.

First, the only relevant information at issue in the case concerns the extraction and purification of product from industrial hemp. At the hearing and in its response papers, Orochem stated that the NanoLeaf project concerned only the

---

the representative for Folium had left the meeting open ended, stating that she would have to take Plaintiff's proposals on the outstanding requests for production back to Folium's lead counsel for approval. These facts lead the Court to conclude there was not a complete and thorough meet and confer under Local Rule 37.2. Contrary to Folium's assertions otherwise, this conclusion is not invalidated by the fact that Orochem filed a response to Folium's motions to compel.

extraction and purification of product from marijuana—not industrial hemp. [*Id.* at 6–7]. Moreover, Orochem explained that the NanoLeaf presentation Folium claimed was the basis for its discovery requests (and attached to its motion) was a draft presentation which differed from the final version given at the Dundee Conference. Folium did not dispute these clarifications. As a result, its motion to compel documents and ESI [Doc. No. 101] is denied. Nonetheless, the Court finds that to the extent there is information in Orochem's possession relating to any communication between any officer, agent or employee of Orochem and any individual associated with NanoLeaf that relates to the extraction and purification of product from industrial hemp for the time period of July 1, 2016–August 22, 2017, it must produce such information to Folium as soon as practicable.

Folium's second motion to compel requests an order (1) compelling inspection of Orochem's Naperville premises pursuant to Rule 34 and (2) compelling firm dates for the deponents which Folium has issued a subpoena. Because Folium orally withdrew the portion of the motion relating to depositions at the motion hearing, the Court need only address the inspection dispute.

Folium's counsel represented that the primary purpose of the Rule 34 inspection was to create a video detailing the layout of Orochem's facility to present before the Court as a visual aid at the parties' injunction hearing. Because the District Court Judge is capable of understanding the physical layout of the premises without the need of a formal video presentation, a schematic layout should suffice.

Accordingly, the Court will not compel a Rule 34 inspection, and Orochem is ordered to provide a schematic of Orochem's Naperville facility as soon as practicable.

## CONCLUSION

Based on the foregoing, Defendants Whole Hemp Company d/b/a Folium Biosciences's Motion to Compel Plaintiff, Orochem Technologies, Inc., to Produce Documents and ESI Requested in Defendant Whole Hemp Company d/b/a Folium Biosciences's Second Special Requests for Production [Doc. No. 101] and Defendants Whole Hemp Company d/b/a Folium Biosciences, Kashif Shan, Raj Gupta, and Brad Jones's Motion to Compel Fed. R. Civ. P. 34 Inspection of Orochem Technologies Inc. Facility [Doc. No. 105] are denied.

**SO ORDERED.**   **ENTERED:**

**DATE:   January 18, 2018**

_____

**HON. MARIA VALDEZ**

**United States Magistrate Judge**